873 F.2d 1438
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Emory A. GROSS, Plaintiff-Appellant,
v.
VIRGINIA CHEMICALS, INC., Hoechst Celanese Corporation,
Defendants-Appellees.
 No. 88-3053.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 9, 1989.
Decided April 24, 1989.
 
 Robert John Haddad (Gregory A. Giordano, Shuttleworth, Ruloff, Giordano & Kahle, on brief) for appellant.
 John Morgan Ryan (Dean T. Buckius, Vandeventer, Black, Meredith & Martin, James M. Mabon, Jr., Virginia Chemicals, Inc., on brief) for appellees.
 PER CURIAM:
 
 
 1
 Emory A. Gross brought suit against Hoechst Celanese Corporation and its wholly owned subsidiary, Virginia Chemicals, Inc. (V.C.I.), alleging a violation of the Age Discrimination in Employment Act (A.D.E.A.) and various pendent state law claims. The district court dismissed the case because Gross failed to comply with the 180 day filing requirement of 29 U.S.C. Sec. 626(d).[1] We affirm.
 
 
 2
 In July of 1973, V.C.I. hired Gross as Chief Engineer. By 1982, V.C.I. had promoted Gross to Vice President of Operations. Sometime in July or August of 1985, Charles Langston, V.C.I.'s Director of Human Resources, notified Gross of the elimination of his position as the result of a business reorganization and advised Gross that he should take early retirement. Gross conceded in the district court that in the July/August period of 1985 V.C.I. intended to eliminate his position. Following the notice from Langston, Gross and V.C.I. entered into negotiations over his early retirement and by the middle of September 1985 arrived at and entered into a formal, written contract which provided for Gross's early retirement and a two year consulting arrangement under which Gross would be paid $20,000 per year. On April 1, 1986, Gross retired from V.C.I. at the age of 58. Gross asserts that V.C.I., sometime before his April retirement, realized that Gross' position was essential and would not be eliminated. On July 30, 1986, V.C.I. hired Donald Lehman, 39, to perform a job, which V.C.I. concedes, for the purpose of argument only, is substantially similar to Gross's job. On January 23, 1987, Gross filed a complaint with the Equal Employment Opportunity Commission (E.E.O.C.) On July 29, 1987, Gross filed the present suit. V.C.I. moved to dismiss the suit on the grounds that Gross had not filed a complaint with the E.E.O.C. within the 180 days as required by 29 U.S.C. Sec. 626(d). After a hearing, the district court granted the motion.
 
 
 3
 Gross contests the district court's order granting the motion to dismiss, arguing that the 180 day statute of limitation should be tolled. The problem is that Gross has failed to show any facts that would support the tolling of the 180 day filing requirement. As articulated in Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129-1130 (4th Cir.1987), "the non-moving party [Gross] 'may not rest upon the mere allegations or denials of his pleadings' but instead 'must set forth specific facts showing that there is a genuine issue for trial.' This obligation is particularly strong when the non-moving party bears the burden of proof, as Felty did, on the issue at trial." The issue in Felty was whether the 180 day statute of limitations in an A.D.E.A. case would be equitably modified. Gross, with the same issue as in Felty, has failed to set forth specific facts to show a genuine issue as to tolling. Gross concedes that in the July-August 1985 period V.C.I. intended to eliminate Gross' position. He asserts, without setting forth any specific facts for support,[2] that V.C.I. realized prior to April 1986 it would not eliminate Gross' position and fraudulently concealed the fact from Gross. Mere allegations, though, are insufficient to withstand a motion for summary judgment.
 
 The judgment of the district court is
 
 4
 AFFIRMED.
 
 
 
 [1]
 Although the motion was initiated as a F.R.Civ.P. 12(b)(6) motion, affidavits were filed by both parties and the motion is treated as one for summary judgment under F.R.Civ.P. 56 and F.R.Civ.P. 12
 
 
 [2]
 Gross is entitled, as the non-moving party, to have all reasonable inferences from any facts put forward drawn in his favor. Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir.1987). Even with such inferences, the affidavits filed by Gross do not create a genuine issue for trial